J-S31021-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ORTHELLO LEE FULTZ JR. | : | |
| | : | |
| Appellant | : | No. 441 MDA 2020 |

Appeal from the PCRA Order Entered February 7, 2020
In the Court of Common Pleas of Mifflin County Criminal Division at
No(s):  CP-44-CR-0000177-2017

BEFORE:  BOWES, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY DUBOW, J.:                    **FILED JULY 23, 2020**

Appellant, Orthello Lee Fultz, Jr., appeals from the February 7, 2020 Order entered in the Mifflin County Court of Common Pleas denying his first Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  Counsel for Appellant, Nicholas E. Newfield, Esquire, has filed an **Anders**[1] Brief and a Motion to Withdraw as Counsel.  After careful review, we grant counsel's Motion to Withdraw and affirm.

---

[1] **See Anders v. California**, 386 U.S. 738 (1967).  Although Counsel filed an **Anders** brief, the proper mechanism when seeking to withdraw in PCRA proceedings is a **Turner**/**Finley** brief.  **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988).  However, because an **Anders** brief provides greater protection to a criminal appellant, we may accept an **Anders** brief in lieu of a **Turner**/**Finley** no-merit brief.  **Commonwealth v. Widgins**, 29 A.3d 816, 817 n.2 (Pa. Super. 2011); **Commonwealth v. Fusselman**, 866 A.2d 1109, 1111 n.3 (Pa. Super. 2004).

A detailed recitation of the factual and procedural history is unnecessary to our disposition. Briefly, a jury convicted Appellant of Possession with Intent to Deliver ("PWID"), Operating a Methamphetamine Laboratory and Illegal Dumping of Methamphetamine Waste, and Use or Possession of Drug Paraphernalia.[2] On February 2, 2018, the trial court sentenced Appellant to an aggregate term of five to ten years' incarceration. On April 17, 2019, this Court affirmed Appellant's Judgment of Sentence. *See Commonwealth v. Fultz*, 215 A.3d 619 (Pa. Super. 2019) (unpublished memorandum).

On May 15, 2019, Appellant filed *pro se* a timely first PCRA Petition. The PCRA court appointed Attorney Newfield to represent Appellant, who, on October 3, 2019, filed an Amended PCRA Petition raising a claim that Appellant's trial counsel, Tammy Dusharm, Esquire, had been ineffective for failing to advise Appellant of the standard sentencing ranges or statutory maximum sentences associated with the charged offenses. Amended Petition, 10/3/19, at ¶ 25. Appellant asserted that counsel's ineffectiveness had resulted in him electing to go to trial. *Id.*

On January 30, 2020, the PCRA court held a hearing on Appellant's Amended Petition at which Appellant presented the testimony of Attorney Dusharm. Relevantly, she testified that, prior to Appellant retaining her to represent him, the Commonwealth had made him a plea offer of 33 to 66 months incarceration. N.T., 1/30/20 at 7. She testified that she was in

---

[2] 35 P.S. §§ 780-113(a)(30), 780-113.4(b)(1), and 780-113(a)(32), respectively.

constant communication with the District Attorney and the Assistant District Attorney to negotiate a plea agreement and that, ultimately, the first plea offer was the only one the Commonwealth offered *Id.* at 7-8. She testified that she discussed this offer with Appellant and that she explained to him the standard range sentences for the offenses charged. *Id.* at 8. She testified that Appellant was not interested in accepting the plea offered to him by the Commonwealth. *Id.* at 9.

Attorney Dusharm brought to the hearing numerous letters that she had written to Appellant prior to his trial, including several in which she indicated that the Commonwealth had offered him a negotiated guilty plea that included a sentence of 33 to 66 months' incarceration. *Id.* at 8-9. She testified that she specifically explained, both in person and in correspondence, the sentencing guidelines applicable to a conviction of possession of methamphetamine. *Id.* at 10-11. She also testified that, on April 27, 2017, she sent Appellant a letter about the maximums and standard ranges provided by the sentencing guidelines at each offense. *Id.* at 11, 13-15. The PCRA court admitted into evidence Attorney Dusharm's case file, including the correspondence she sent to Appellant explaining to him the applicable sentencing guidelines and statutory maximum sentences, and an April 27, 2017 letter from the District Attorney to Attorney Dusharm explaining that, under the specific circumstances of this case, the sentencing range for Appellant's PWID charge was 54 to 72 months' incarceration.

Appellant also testified at the PCRA hearing, stating that he received the letters sent to him by Attorney Dusharm but that he did not read them. *Id.* at 19, 21. Appellant denied discussing with Attorney Dusharm the Commonwealth's plea offer or the standard range sentences or other penalties the court could impose if a jury convicted Appellant of the charged offenses. *Id.* He testified that he "was under the impression that the worst he could get was a two to four" year sentence because that is what Attorney Dusharm told him. *Id.* at 20.

On February 7, 2020, the PCRA court denied Appellant's PCRA Petition. This timely appeal followed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Before we consider Appellant's arguments, we must review appellate counsel's request to withdraw from representation. Pursuant to *Turner*/*Finley*, counsel must conduct an independent review of the record before withdrawal on collateral appeal is permitted. *Commonwealth v. Pitts*, 981 A.2d 875, 876 n.1 (Pa. 2009). Counsel is then required to submit a "no merit" letter (1) detailing the nature and extent of his or her review; (2) listing each issue the petitioner wished to have reviewed; and (3) providing an explanation of why the petitioner's issues are meritless. *Id.* The court then conducts its own independent review of the record to determine if the Petition is meritless. *Id.* Counsel must also send to the petitioner: "(1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro*

*se* or by new counsel." ***Commonwealth v. Wrecks***, 931 A.2d 717, 721 (Pa. Super. 2007).

Our review of the record discloses that counsel has complied with each of the above requirements. Additionally, counsel served Appellant with a copy of the Motion to Withdraw and ***Anders*** Brief, advising him that he had the right to proceed *pro se* or with privately retained counsel. Since counsel has complied with the ***Turner***/***Finley*** requirements, we will proceed with our independent review of the record and the merits of Appellant's claims.

In the ***Anders*** Brief, counsel raises the issue of whether the PCRA court erred in determining that Attorney Dusharm rendered effective assistance of counsel. ***Anders*** Brief at 11.

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its Order is otherwise free of legal error. ***Commonwealth v. Fears***, 86 A.3d 795, 803 (Pa. 2014). This Court grants great deference to the findings of the PCRA court if they are supported by the record. ***Commonwealth v. Boyd***, 923 A.2d 513, 515 (Pa. Super. 2007). We likewise give great deference to the PCRA court's credibility determinations. ***Commonwealth v. Johnson***, 966 A.2d 523, 539 (Pa. 2009). We give no such deference, however, to the court's legal conclusions. ***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012).

A PCRA petitioner who alleges ineffective assistance of counsel "will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the '[i]neffective assistance of counsel

which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.'" *Johnson*, 966 A.2d at 532 (quoting 42 Pa.C.S. § 9543(a)(2)(ii)).

We presume counsel is effective. *Commonwealth v. Cox*, 983 A.2d 666, 678 (Pa. 2009). To overcome this presumption, a petitioner must establish that: (1) the underlying claim has arguable merit; (2) counsel lacked a reasonable basis for his act or omission; and (3) petitioner suffered actual prejudice. *Commonwealth v. Treiber*, 121 A.3d 435, 445 (Pa. 2015). In order to establish prejudice, a petitioner must demonstrate "that there is a reasonable probability that, but for counsel's error or omission, the result of the proceeding would have been different." *Commonwealth v. Koehler*, 36 A.3d 121, 132 (Pa. 2012) (citation omitted). A court will deny the claim if the petitioner fails to meet any one of these prongs. *Commonwealth v. Jarosz*, 152 A.3d 344, 350 (Pa. Super. 2016).

Instantly, the PCRA court denied Appellant PCRA relief because it concluded that Appellant's claim lacked arguable merit. The record supports this finding. In particular, the trial court found credible Attorney Dursham's testimony that she explained to Appellant, both in person and in correspondence, the applicable sentencing guidelines. Attorney Dursham supported this testimony with corroborating documentary evidence. Moreover, Appellant's testimony that he received letters from Attorney Dursham, but that he did not read them, undermines his claim that Attorney

Dursham did not inform him of the guideline sentencing ranges and statutory maximum sentences. Accordingly, Appellant is not entitled to relief on his claim.

Order affirmed. Motion to Withdraw as Counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/23/2020